UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER LEBLANC                           :
                                        :
v.                                      :     C.A. No. 09-001ML
                                        :
A.T. WALL                               :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

In this matter, Petitioner, Peter Leblanc ("Leblanc" or "Petitioner") filed his Petition for Writ of Habeas Corpus on January 2, 2009. (Document No. 1). Petitioner seeks habeas corpus review of a six (6) month sentence for a violation of probation. Respondent, State of Rhode Island (the "State" or "Respondent"), filed a Motion to Dismiss the Petition as unexhausted. (Document No. 5). Petitioner responded with filings in opposition on February 11 and 24, 2009. (Document Nos. 6 and 9). This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 5) be GRANTED and that the Petition (Document No. 1) be DISMISSED.

### Background

Petitioner plead nolo contendere in Superior Court on July 6, 2005 to charges of delivery and possession of a controlled substance. State v. Leblanc, P2-2004-0691A. He was subsequently sentenced to a seven (7) year sentence (eighteen months to serve and sixty-six months suspended with probation). Id.

Subsequently, in September 2008, Petitioner was arrested for simple assault/domestic (P3-2008-3630A) and, based on such arrest, presented as a violator of his probation imposed in 2005. After hearing, Petitioner was declared a violator and is currently serving a six-month violation sentence. According to the Superior Court docket (Document No. 5-2), Petitioner's violation sentence was imposed on November 7, 2008.

On November 25, 2008, Petitioner filed motions in Superior Court for a transcript and to set aside judgment and for bail pending appeal. Petitioner also filed a notice of appeal to the Supreme Court. On December 10, 2008, the Superior Court denied Petitioner's Motion for Post Conviction Relief. Petitioner had a right to appeal to the Rhode Island Supreme Court, any decision by the Superior Court concerning his post-conviction relief action. See R.I. Gen. Laws § 10-9.1-9 (final judgment in a post-conviction relief action is appealable to the Supreme Court in the same manner as a final judgment in a civil action). In fact, Petitioner must pursue such an appeal prior to filing a federal habeas corpus petition in order to exhaust. See Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) ("[w]here...a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies."). Shortly thereafter, Petitioner filed the instant action seeking federal relief.

**Discussion**

Pursuant to 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the Courts of the State...." The "exhaustion prerequisite" for filing a federal habeas corpus claim was created, "[i]n recognition of the state courts' important role in protecting constitutional rights..." and "holds, in general, that a

federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). "Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal." Id. at 263.

In this case, the State argues that the Court must dismiss the pending Petition because the Petitioner has not exhausted his state remedies. Petitioner does not directly dispute that his claims are unexhausted. In fact, he concedes that he "filed a notice of appeal in the Superior Court, that said appeal has yet to be perfected, and transferred to the Rhode Island Supreme Court." Document No. 6 at p. 2. Rather, Petitioner challenges the fairness of using exhaustion as a defense due to his "inability to comply with unatainable [sic] procedures/remedies given the short term of his sentence."[1] Id. at p. 3. Petitioner's argument is unconvincing and completely unsupported. Petitioner has not presented a single exhausted ground in his Petition. Rather, he has apparently become impatient with the progress of his state court appeal and seeks to shortcut the habeas corpus review process by asking this Court to step in and excuse him from exhaustion.

The exhaustion prerequisite contained in 28 U.S.C. § 2254 "is rooted in principles of comity which counsel that state courts be afforded an opportunity to deal with alleged constitutional violations arising from their proceedings before federal jurisdiction may be invoked." Barber v. Moran, 753 F.Supp. 421, 422 (D.R.I. 1991). It is not this Court's function to disrupt the balance drawn by Congress in enacting § 2254, particularly in this case where Petitioner has merely stated

---

[1] In his Motion for Bail (Document No. 7), Petitioner represents that his violation sentence is scheduled to expire on March 1, 2009.

that he is serving a short prison sentence and has been delayed in obtaining a final decision in state court. Prior to filing a petition in Federal Court, Petitioner is obligated to exhaust his available state court remedies, and he has not done so. His Petition is unexhausted and thus must be dismissed.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 5) be GRANTED and the Petition (Document No. 1) be DISMISSED. I also recommend that Petitioner's pending motions alleging obstruction of justice (Document No. 2), for a hearing (Document No. 3), for bail pending review (Document No. 7) and to appoint counsel (Document No. 8) all be DENIED as moot in view of Petitioner's failure to exhaust state remedies.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 25, 2009